IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | |
|---|---|
| MARCELLINO PENA,<br><br>Plaintiff,<br><br>vs.<br><br>DENISE DEYOTT and MIKE MAHONEY,<br><br>Defendants. | Cause No. CV-08-28-H-DWM-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT FOR FAILURE TO EXHAUST |

_____

This matter comes before the Court on Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) and a proposed Complaint submitted pursuant to 42 U.S.C. § 1983 (Document 2). The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I.  MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff has submitted a declaration and an account statement which this Court finds sufficient to make the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be **GRANTED**.

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE
JUDGE - CV-08-28-H-DWM-RKS / PAGE 1

The Complaint shall be deemed filed as of the date that the Motion to Proceed In Forma Pauperis was filed and the proposed complaint was delivered to the Clerk of Court.  *See* Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 280-81 (9th Cir. 1983); *see also* United States v. Dae Rim Fishery Co., 794 F.2d 1392, 1395 (9th Cir. 1986) (concluding complaint constructively filed when delivered to clerk of court).

Notwithstanding his forma pauperis status, Plaintiff is required to pay the statutory filing fee of $350.00 for this action, even if the case is dismissed.  *See* 28 U.S.C. § 1915(b)(1), (e)(2). Because the Court does not know the balance in Plaintiff's account today, the initial partial filing fee will be waived.  However, Plaintiff must make monthly payments of 20% of the income credited to his account each month.  The percentage is set by statute and cannot be altered.  *See* 28 U.S.C. § 1915(b)(2).  By separate order, the Court will direct the agency having custody of Plaintiff to forward payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full.  *See* id.

## II.  PARTIES

Plaintiff is a state prisoner proceeding pro se.  Plaintiff is incarcerated at the Montana State Prison in Deer Lodge, Montana.

Plaintiff has named Denise Deyott, the mail room supervisor at Montana State Prison and Mike Mahoney, Warden of Montana State Prison as defendants in this action. (Document 2, p. 3, ¶ III(B)).

## III.  PRELIMINARY SCREENING OF THE COMPLAINT

As the Court has permitted Plaintiff to proceed in forma pauperis, his Complaint is

subject to screening under 28 U.S.C. §§ 1915 and 1915A.  Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ____, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)(quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.*  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v.*

*Pardus*, ___ U.S. ___, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)(quoting *Bell Atlantic Corp.*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Finally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

## IV.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he has been denied legal counsel and his attorney client privilege. Plaintiff states that he is being accused of felony charges by the state prison and the prison will not allow him to send legal mail to his attorney.  He contends that he is following procedure and sealed the envelope to his attorney in front of an officer but the mail room returned the letter denying him his attorney client privilege and his access to his attorney.

## V.  ANALYSIS

The Court need not engage in an analysis of Plaintiff's substantive allegations given the circumstances of this case. Plaintiff submitted a form for prisoner complaints under 42 U.S.C. § 1983.  In Plaintiff's Complaint, in the section pertaining to Exhaustion of Administrative Remedies, Plaintiff did not respond to the first two questions regarding whether there is a grievance procedure in his institution and whether he filed an administrative grievance. However, the third questions states, "If you did not file an administrative grievance, explain why."  In response to this question, Plaintiff stated, "My constitucional [sic] rights have been

violated wich [sic] entitles me to apply for federal help." (Document 2, p. 3 at ¶ II(B)(1-3)).

The PLRA's exhaustion requirement is set forth in § 1997e(a), which states that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also* *Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Exhaustion of administrative remedies is not a pleading requirement. *Wyatt v. Terhune*, 315 F.3d 1108, 1112 (9th Cir. 2003). It is an affirmative defense and inmates are not required to specially plead or demonstrate exhaustion in their complaints. *Jones v. Bock*, ___ U.S. ___, ___, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007). However a complaint may be subject to dismissal for failure to state a claim when an affirmative defense (such as failure to exhaust) appears on the face of the pleading. *Id*. at 920-921. Where the plaintiff specifically states in his Complaint or the documents submitted therewith that he has not exhausted his administrative remedies, the Court need not await a defendant's assertion of affirmative defenses to find that relief is precluded. "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." *Wyatt,* 315 F.3d at 1120.

The Court takes judicial notice of the fact that the Montana State Prison has a detailed grievance procedure. Fed. R. Evid. 201; *Brown v. Valoff*, 422 F.3d 926, 931, 933 (9th Cir. 2005). Plaintiff concedes that he did not file an administrative grievance but argues that his constitutional rights have been violated which entitles him to apply for federal relief. Even if

Plaintiff's constitutional rights have been violated, he cannot proceed in federal court without first exhausting him administrative remedies by complying with the prison's grievance system. Therefore, this case should be dismissed without prejudice for failure to exhaust administrative remedies.

Based on the foregoing, the Court enters the following:

### ORDER

1.  Plaintiff's Motion to Proceed In Forma Pauperis (Document 1) is **GRANTED**. The Clerk of Court shall waive prepayment of the filing fee. While Plaintiff will not be assessed an initial partial filing fee, Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth above.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Document 2) to remove the word "LODGED" and the Complaint is **DEEMED FILED** on February 27, 2008.

The Court also enters the following:

### RECOMMENDATION

1.  Plaintiff's Complaint (Document 2) should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies prior to filing suit.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to [28 U.S.C. § 636(b)(1)](), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge

may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

    Plaintiff must keep the Court informed of his current mailing address while the action remains pending.

    DATED this 1st day of May, 2008.

                                  /s/ Keith Strong  
                                  Keith Strong  
                                  United States Magistrate Judge